## WOLF et al. v. PITTMAN & HARRISON CO., (No. 8380.)*

(Court of Civil Appeals of Texas. Galveston. Dec. 8, 1922. Rehearing Denied Jan. 11, 1923.)

1. **Venue** &#9758;7—**Suit brought in county where sales contract payable.**

Where a contract for the sale of bags was payable at sellers' office in H. county, under Rev. St. art. 1830, exceptions 5, 24, and article 2308, suit against buyer for breach of the contract was properly brought in that county.

2. **Evidence** &#9758;441(1)—**To determine whether one contracted in writing to perform obligation in certain county, written contract alone looked to.**

In determining whether one has contracted in writing to perform an obligation in a particular county, the written contract alone can be looked to.

3. **Sales** &#9758;58—**Writing in contract controls over printed form.**

Where a clause was written into the printed form of a sales order blank, the words written will control.

4. **Venue** &#9758;7—**Contract held to require payment in county of venue.**

Where a sales contract in its printed form required that all amounts due sellers' account were payable at their office in sellers' county at par exchange and the goods were shipped "arrival draft," the words "arrival draft," being inserted and intended as an agreement that sellers would draw a draft on buyer for the purchase money, did not conflict with the clause providing for payment in sellers' county.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by O. Wolf and another, doing business under the firm name of the Southwestern Bag Company, against the Pittman & Harrison Company. From an order sustaining defendant's plea of privilege, plaintiffs appeal. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, for appellants.

Wood, Jones & Wood, of Sherman, for appellee.

LANE, J. O. Wolf and H. Redman, doing business under the firm name of Southwestern Bag Company, brought suit against the Pittman & Harrison Company, a corporation, in the district court of Harris county, Tex., to recover damages growing out of an alleged breach of a contract, the material parts of which, for the purpose of presenting this appeal, are as follows:

"Contract No. 310.

"Southwestern Bag Company, Houston, Texas.

"*Date, Jan. 17, 1921.*

"Sold to *Pittman & Harrison Co.*

"City, *Sherman.* State, *Tex.*

"When ship: *About June 10th, 1921.*

"Terms: *Arrival draft; inspection allowed.* Freight *prepaid to Sherman, Tex.*

"1 car (50,000 bags) S. H. rice bags No. 1 quality, @ $75.00 per M.

"*Freight prepaid to Sherman, Texas.*

"*Bags to be equal to samples left at office.*

"Conditions.

"All amounts due seller's account this contract payable at their office, Houston, Harris county, Texas, at par in New York or Houston exchange. * * *

"Casualty Clause.—Deliveries are subject to delay on account of strikes, fires, marine disasters or causes beyond seller's control. If goods covering this order are lost at sea or destroyed by any cause, same is subject to cancellation by seller. All sales of burlap subject

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction February 28, 1923.

to rules and regulations of Textile Alliance, Inc.

"This expresses the entire agreement.
*Southwestern Bag Co., per O. Wolf.*

"Accepted: *Pittman & Harrison Co., per E. L. Benzel.*"

The underlined portions of the agreement are in writing and were filled in by the agent of the Southwestern Bag Company at Sherman, Tex., with the exception of the signature of Pittman & Harrison Company by E. L. Benzel, which signature is that of E. L. Benzel given at Sherman, Tex., on the day of the order. The portion of the above order not underlined is printed.

The defendant, Pittman & Harrison Company, filed its plea of privilege to be sued in the county of its residence. This plea was in due and legal form and averred that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes of the state of Texas existed in this cause.

The plaintiffs filed their contest to said plea of privilege, and among other things alleged as follows:

"That Pittman & Harrison Company, defendant in the above styled and numbered cause, is a duly organized and existing corporation under and by virtue of the laws of the state of Texas, and that by reason of the fact that the contract for bags entered into between the Southwestern Bag Company and the defendant, Pittman & Harrison Company, stipulates that amounts due the seller, Southwestern Bag Company, on account of said contract, shall be payable in Houston, Harris county, Tex., and further that the Southwestern Bag Company actually shipped the bags covered by said contract from Houston, Harris county, Tex., and further that the Southwestern Bag Company brought these bags back to Houston, therefore a part of the cause of action sued on in plaintiff's petition arose in Harris county, Tex., and an exception to the Exclusive Venue Act exists in said cause, to wit, exception No. 24 of article 1830, Revised Civil Statutes of Texas."

The plea of privilege came on for hearing, and upon such hearing it was agreed: That the defendant, Pittman & Harrison Company, is a corporation, existing under and by virtue of the laws of the state of Texas, with its principal office in the city of Sherman, Grayson county, Tex. That on January 17, 1921, a representative of the plaintiff Southwestern Bag Company called at the office of the defendant, Pittman & Harrison Company, in Sherman, Tex., and there entered into the contract hereinbefore set out. That such contract was put in writing on a form used by the plaintiff company at Sherman. That the words "arrival draft" after "terms" in said contract were understood by the parties to mean that the defendant, Pittman & Harrison Company, were to pay for the goods sold by payment of a sight draft drawn on it at Sherman, Tex., by the plaintiff bag company. That the phrase "Inspection allowed" was understood to mean that Pittman & Harrison Company were to have the privilege of inspecting the bags before paying the draft to which the bill of lading was attached, and before accepting said bags. That the order for the bags was confirmed by the bag company by letter from it to Pittman & Harrison Company, of date January 19, 1921. That the domicile of Pittman & Harrison Company is in Grayson county, and that it has no agent or representative in Harris county. That—

"On June 10, 1921, the Southwestern Bag Company delivered to the H. & T. C. Railway Company at Houston 50,000 secondhand rice bags, and said bags were shipped to Pittman & Harrison Company at Sherman, Texas. Southwestern Bag Company, by a letter dated June 11, 1921, notified Pittman & Harrison Company of the shipment of said bags. Under date of June 13, 1921, Pittman & Harrison Company sent the following wire to the Southwestern Bag Company: 'Letter eleventh received. Cannot use bags now. See our letter.'

"Pittman & Harrison Company wrote the following letter, dated June 14th, to the Southwestern Bag Company:

"'Referring to exchange of wire, will state that we are not in a position to handle the car of bags just now, and do not know that we will be able to handle the rice bags at all. As we told you over phone, you had better make arrangements to divert this car and let us either agree on a car of new bags, or pay you the difference in the market and let us cancel out. We are not trying to get out of contract, but as we told you over phone, it is utterly impossible for us to handle these bags just now, as we haven't the funds to take care of the draft, and do not think we will have until along about the first of the month.'

"On the same day the Southwestern Bag Company wrote the following letter to Pittman & Harrison Company at Sherman, Tex.:

"'Confirming telephone conversation with your Mr. Benzel, we regret that we are unable to do anything regarding this car of bags, as it has already been shipped to you, and we, therefore, trust that you will pay the draft upon presentation.'

"The bags arrived at Sherman June 14th, and Pittman & Harrison Company, in a letter of date June 18th, and addressed to Southwestern Bag Company, Houston, Tex., refused to accept said bags, stating that they had inspected the said bags and found them not up to contract. The Southwestern Bag Company, after efforts to dispose of the bags at Sherman and vicinity, had the bags shipped back to Houston. The Southwestern Bag Company paid the freight on this shipment."

The draft attached to the bill of lading is as follows:

"The First National Bank of Houston.

"Houston, Texas, June 10, 1921.

"At sight pay to the order of First National Bank, Houston, Texas, $3,366.33, thirty-three

hundred sixty-six and ³³/₁₀₀ dollars. Value received and charge the same to account of Southwestern Bag Company. Per R. Henry Langdon. To Pittman & Harrison Company, Sherman, Texas."

Indorsed: "Returned June 15, 1921."

The bill of lading·to which the draft was attached was issued by the railway company and showed that it had received the bags from the plaintiff, consigned to "Southwestern Bag Company, Sherman, Texas, notify Pittman & Harrison Co., at Sherman, Texas."

There was much other matter introduced in evidence, but we deem the foregoing facts sufficient to dispose of the issues presented by this appeal.

Upon the facts agreed to and established as above stated, the trial court sustained the plea' of privilege and ordered the transfer of the cause to the district court of Grayson county. From the judgment so entered the bag company has appealed.

[1] We think the court' erred in sustaining the plea of privilege. The condition clause of the written contract is as follows:

"All amounts due seller's account this contract payable at their office, Houston, Harris County, Texas, at par in New York or Houston exchange."

The clause quoted clearly means that all accounts due the seller growing out of the contract of sale were to be payable in Houston, Harris county, Tex. It is provided by exception 5 of article 1830, that, where a person has contracted, in writing to perform an obligation in a particular county, suit may be brought' in such county.

[2] In determining whether one has contracted in writing to perform an obligation in a particular county, the written contract alone can be looked to. Russell v. Green (Tex. Civ. App.) 214 S. W. 448.

[3, 4] Appellee, however, contends that the contract in this case contains two clauses fixing the place of payment. The first of which is stated in·these words: "Terms: Arrival draft;" and the second is that clause under the head of "conditions" which reads as follows:

"Conditions.

"All amounts due seller's account this contract, payable at their office, Houston, Harris county, Texas, in New York or Houston exchange."

That these two clauses are in conflict one with the other; that the contract is on a form prepared by appellant, and that the first clause was written into the form by appellant's salesman at Sherman, Tex., while the second was a part of the printed form; that it is a general rule of law that, under such circumstances, the words written into the form will control.

We agree with the proposition of law made by appellee, but are unable to agree that there is any apparent conflict in the two clauses mentioned. It is clear, we think, from the contract' itself, that the Pittman & Harrison Company contracted to pay for the bags at the office of the bag company in Houston, Harris county, Tex., and that the words "arrival draft" were only inserted and intended as an agreement' that the seller would draw a draft on the buyer for the purchase money, which was to be paid through that agency to the seller. This being the method adopted by the parties, no doubt, to secure the payment of the purchase money to the seller and as a convenient way of making payment, without cost to the seller, at Houston, as per contract.

It is evident from the contract as a whole that it was the intention of the parties to make the purchase price of the bags payable at Houston, in Harris county, in cash, or by New York or Houston exchange. Under such agreement, the Pittman & Harrison Company were obliged to deliver the cash or New York or Houston exchange to the bag company at Houston, without cost to the bag company, and that the bank, through which the draft was drawn in favor of the First National Bank of Houston, was but an agent through whom the consideration was to be forwarded in Houston as per contract.

We have considered the other contentions made by appellant for reversal, and, as we think they are without merit, they are not sustained.

For the reasons pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.