## PITTMAN & HARRISON CO. v. HOUSTON BAG & BAGGING CO. (No. 8379.)*

(Court of Civil Appeals of Texas. Galveston. Dec. 23, 1922. Rehearing Denied Jan. 18, 1923.)

Venue ⬅⇒7—Sales contract provided for payment in seller's county.

Where contract for sale of bags provided that all amounts due seller's account under the contract were payable at seller's office in seller's county at par, and the terms of the contract were sight draft bill of lading, and evidence showed that the letters S/D/B/L were intended by parties to mean that seller, when the goods were shipped, would draw a draft on buyer with the bill of lading attached, that provision did not contradict or change the provision that all amounts due under the contract were payable in seller's county and under Rev. St. art. 1830, exception 24, and article 2308, seller's cause of action was properly brought in its county.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

*Writ of error dismissed for want of jurisdiction March 7, 1923.

Action by the Houston Bag & Bagging Company against the Pittman & Harrison Company. From an order overruling its plea of privilege, defendant appeals. Affirmed.

Wood, Jones & Wood, of Sherman, for appellant.

Baker, Botts, Parker & Garwood, of Houston, for appellee.

PLEASANTS, C. J. This appeal is from a judgment of the court below overruling a plea of privilege to be sued in the county of its domicile, presented by appellant, who was defendant in the court below, in this suit, which was brought against it by the appellee. Both parties are corporations, and the domicile of appellant is in Grayson county.

The suit was one for damages for the alleged breach by the defendant of a contract to purchase from plaintiff a carload of rice bags at the agreed price of $80 per thousand. The contract of purchase was entered into at the office of appellant, in Sherman, Tex., on January 13, 1921, by R. Henry Langdon, the then secretary and treasurer of appellee, and one duly authorized to transact its business, and E. L. Benzel, one likewise duly authorized to represent appellant. The contract was on a printed blank of appellee, and all of its terms were in the printed portion of said contract, except that portion descriptive of the place the contract was entered into, and the terms which provided for payment of the bags by sight draft, with bill of lading attached, and giving appellant its option to have the bags shipped any time during the month of June of that year, and also those portions descriptive of the bags and the price for which they were sold, and that portion providing that freight should be f. o. b. cars at Sherman. The printed portion of the contract also contained a clause stipulating, in effect, that all amounts due seller on account of the contract should be payable at appellee's office in Houston, Tex. The contract, by its printed terms, was made subject to revision by appellee's credit department, and through R. Henry Langdon, the one who entered into the contract, appellee signed in Houston its acceptance of the same.

Appellee had on hand the bags sold at its warehouse at Houston, during the entire month of June, for delivery to appellant, under the terms of the contract, and at different times during said month requested appellant to exercise its option and order said bags shipped. Appellant tried to get a change in the contract, but, not succeeding in doing this, on the afternoon of June 30th wired its cancellation of the contract, which appellee wired its refusal to accept.

The defendant's plea of privilege was filed in due order of pleading and is in due form. To the plea of privilege the plaintiff filed the following controverting affidavit:

"Now comes the Houston Bag & Bagging Company, plaintiff in the above styled and numbered cause, and files this its controverting affidavit to the plea of privilege of the defendant, Pittman & Harrison Company, filed herein on the 12th day of September, 1921, and acting herein by and through O. Wolfe, its president, who having been duly sworn deposes and says:

"First. That the allegations of fact relied upon in defendant's plea of privilege to the effect that none of the exceptions to the Exclusive Venue Act contained in article 1830 or article 2308 of the Revised Statutes of Texas exists are not true in this: That an exception to said Exclusive Venue Act exists in said cause by reason of the fact that the written contract alleged in plaintiff's petition was executed, delivered, and accepted by the Houston Bag & Bagging Company in Houston, Harris county, Texas, and that a part of the cause of action sued on in plaintiff's petition arose in Harris county, Texas.

"Second. Plaintiff further respectfully shows to the court that Pittman & Harrison Company, defendant in the above entitled and numbered cause, is a duly organized and existing corporation under and by virtue of the laws of the state of Texas; that all money due the seller, Houston Bag & Bagging Company, for the bags covered by the contract involved in this suit, was payable in Houston, Harris county, Texas; further, that, by the terms of said contract, the buyer, Pittman & Harrison Company, was to give shipping instructions to the seller, Houston Bag & Bagging Company, at Houston, Harris county, Texas; further, that the contract was breached by the defendant, Pittman & Harrison Company, at Houston, Harris county, Texas; further that the contract was delivered, executed, and accepted by the Houston Bag & Bagging Company in Houston, Harris county, Texas; by reason of which facts, a part of the cause of action sued on in plaintiff's petition arose in Harris county, Texas, and an exception to the Exclusive Venue Act exists in said cause, to wit, exception No. 24 of article 1830 of the Revised Civil Statutes of Texas. The pertinent provisions of the contract declared on are as follows:

"Houston Bag & Bagging Company, Houston, Texas.

"Date 1/13/21.

"Sold to Pittman & Harrison Seed Co.

"City, Sherman. State, Texas.

"Ship via        When, June. Buyer's option.

"Terms:  S/D/B/L.

| Quantity. | Kind of Goods. | Weight. | Price. |
|---|---|---|---|
| 1 carload | 64″ S/H 1 R. rice bags | | $80.00 |
| Freight, f. o. b. Sherman | | | |

"Conditions.

"Terms: Subject to revision by our credit department.

"All amounts due seller's account this contract payable at their office, Houston, Harris county, Texas, at par in New York or Houston exchange."

As we have before stated, this contract was on a printed form prepared by the appellee. All of its provisions above set out were printed except the name and domicile of the purchaser, the description of the goods sold, the letters S/D/B/L, and the letters and word f. o. b. Sherman, which were written in at the time of the contract was executed. We are of opinion that the trial court was correct in holding that the contract by its unambiguous and express terms bound appellant to pay any amount that might become due under the contract in Harris county, and that the breach by defendant of the contract entitled plaintiff to sue for damages for such breach in Harris county.

The evidence shows that the letters "S/D/B/L" were intended and understood by the parties to mean that appellee, when the goods were shipped, would draw a draft on appellant with bill of lading attached. This provision, in our opinion, was not intended and does not contradict or change the express provision that all amounts due under the contract were payable in Harris county. It was merely inserted for the purpose of providing a safe and convenient method by which the purchase money of the goods might be remitted to, and received by, the appellee in Harris county, and if appellant breached its contract its right to avail itself of this method of paying for the goods in event it had received them under the contract no longer existed, and its express agreement that all amounts due appellee under the contract were payable in Harris county binds it to answer appellee's suit in that county.

This conclusion requires an affirmance of the judgment of the court below, and it has been so ordered.

Affirmed.