## TEXAS MERCANTILE CO. v. J. M. RADFORD GROCERY CO. (No. 1455.)*

(Court of Civil Appeals of Texas. El Paso. April 12, 1923. Rehearing Denied April 26, 1923.)

**1. Pleading ⬤⟶111 — Evidence held to show financial statement of partnership was authorized and determined venue of action.**

Evidence *held* to show that financial statement designating defendant as a firm was the authorized statement of the defendant corporation executed by its general manager, as regarded the bringing of suit in county referred to in such statement as place of payment for goods subsequently purchased.

**2. Venue ⬤⟶7—Financial statement held to authorize suit in county where brought.**

The execution and delivery of a financial statement containing a promise to pay in Taylor county authorizes the bringing of a suit in that county to recover the purchase price of goods sold thereafter.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by the J. M. Radford Grocery Company against the Texas Mercantile Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant.

Davidson & Hickman, of Abilene, for appellee.

WALTHALL, J. This suit was brought in Taylor county by J. M. Radford Grocery Company against the Texas Mercantile Company, a corporation, and having its principal office and place of business in Coleman county, to recover for the value of goods sold and delivered in the aggregate sum of $1,310.44, and interest and attorney fees, alleging that the Texas Mercantile Company in a financial statement and agreement agreed in writing to make the payments for said goods, with interest and attorney fees, at Abilene, in Taylor county.

The Texas Mercantile Company duly filed a verified plea of privilege to be sued in Coleman county. Following the plea of privilege, and reciting that the plea was not waived, the Texas Mercantile Company answered that the alleged written financial statement referred to in the petition agreeing to make the payments at Abilene "was not executed by this defendant, nor by its authority, and that same was not executed by any authorized agent of this defendant for or on its behalf." The defendant further answered, subject to the plea, that if such written agreement as alleged "was executed by this defendant, or by any authorized agent," it was without consideration good or valuable

in law. The latter answer was also duly verified.

To the plea of privilege the J. M. Radford Grocery Company duly filed its verified controverting answer, denying the truth of the facts stated in the plea of privilege, and pleading at length the written financial statement referred to in its petition, alleging that same, for a valuable consideration, was executed and delivered by defendant to plaintiff as a basis of credit with plaintiff, and that in the written statement defendant agreed that all indebtedness owing to plaintiff by defendant should be payable at Abilene, and should bear interest as stated, and agreed to pay attorney fees as therein provided. The contesting answer to the plea further alleged that the written statement and agreement was signed as follows: "Texas Mercantile Company, by W. F. Barnes, Authorized Manager Thereof"—that the statement was executed by Barnes for and on behalf of the defendant corporation, and with full authority to do so, and to bind said defendant, and that the execution of the written instrument was within the scope and apparent scope of Barnes as manager and officer of the defendant company. Each of the parties filed additional pleadings, respectively, controverting and in support of the plea of privilege, but are, in effect, repetitions of what has been stated above.

The plea of privilege was tried before the court without a jury, and overruled. To the ruling on the plea the defendant, Texas Mercantile Company, excepted, gave notice, and has perfected this appeal.

### Opinion.

The evidence offered shows that appellant is a corporation, having its domicile and place of business in Coleman county, with no agent or representative in Taylor county. The only ground for retaining the venue of the suit in Taylor county is the agreement in the written financial credit statement referred to and the evidence referring to same.

The statement is lengthy. The portions material to the issue involved are substantially the following:

It recites:

"We hand you this statement blank with request that you furnish us a statement of your business, so we may be conversant with your affairs and thereby enable us to form an opinion with fairness to you in extending such terms or credit to which you may be entitled on your purchases."

Then follow directions not deemed material, and signed by the appellee. Then follow certain questions not material here. Then follows:

"Statement made and submitted by mail this 3d day of March, 1920, to J. M. Radford Grocery Company, Abilene, Tex., by Ford Barnes,

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 23, 1923.

of the firm of Texas Mercantile Company, town of Santa Anna, county of Coleman, state of Texas, which firm is composed of the following persons, namely: Ford Barnes, age, married; J. C. Stockard, age, married; J. W. Pool, age, married; A. R. Kirkpatrick—copartnership unlimited, and engaged in the business of general merchandise. If incorporated give amount of capital stock, $20,000, and state if fully paid, Yes."

Then follows a statement as to the assets and liabilities. Then follow:

"I hereby agree to pay to said J. M. Radford Grocery Company, at Abilene, Tex., all indebtedness now or hereafter owing by me to said company, whether individual or partnership, including all protest fees and exchange (with interest, including attorney fees as stated), * * * this 3d day of March, A. D. 1920. Sign here full name of corporation, firm. [Signed, firm] Texas Mercantile Company [by whom signed], per W. F. Barnes [a member of the firm or authorized manager]."

W. F. Barnes testified:

"That is my signature (witness looks at instrument). That is the Texas Mercantile Company by W. F. Barnes. * * * At the time this was signed by me I was secretary and treasurer of the concern. I was manager of the concern. I was the head of the concern and the boss of it, at the time this instrument was signed. * * * At that time I was the sole manager of the Texas Mercantile Company, a corporation, at Santa Anna. I had the exclusive control of its buying, being the manager. I had the exclusive control of its business in the matter of buying goods and giving orders."

Other evidence was heard which is not material to the plea of privilege.

Under the above state of facts appellant submits, under several propositions, error in overruling the plea, but which may be stated as follows: Because it is not made to appear that the financial statement and agreement was executed by the defendant or by its authority. It is made to appear that the financial statement was without consideration valuable in law, and therefore without legal effect as a ground of venue in Taylor county. The statement does not appear to be the act of the defendant, but was the act of other parties, namely, the act of the parties named, a partnership, and not a corporation.

[1] It is true that the financial statement designates the Texas Mercantile Company as a firm, and composed of the parties named, but the witness Barnes testified that the defendant was in fact a corporation, and there is no plea that defendant is not a corporation, and no evidence other than the report in the financial statement that the defendant is a firm or partnership, and we think it clearly appears from the record that defendant

is a corporation. Barnes identified the financial statement as having been the one executed by him as general manager of the Texas Mercantile Company. The financial statement purports to have been submitted by mail to appellee by Barnes, for the Texas Mercantile Company, as a basis of credit extended then or thereafter upon the faith of the financial statement, and the accuracy of the representations made therein, until otherwise notified.

[2] The suit is to recover the purchase price of goods sold after the execution and delivery of the financial statement and upon the authorities of Traylor v. Blum (Tex.Sup.) 7 S. W. 829, and Wolf et al. v. Pittman & Harrison (Tex. Civ. App.) 247 S. W. 322, the promise contained in the statement to pay in Taylor county authorized the bringing of the suit in that county. The acceptance by appellee of the proposal embodied in the financial statement was a sufficient consideration.

Under the authorities of the cases above cited, we think the court did not err in overruling the plea of privilege.

The case is affirmed.