## MENDENHALL v. BROWN.　(No. 6970.)

(Court of Civil Appeals of Texas.　San Antonio.　May 23, 1923.)

1. Venue ⚖➡7—Of action on contract of sale held to be in county where payment was to be made.

Under Rev. St. art. 1830, subd. 5, providing that, when a person has contracted in writing to perform an obligation in any particular county, suit may be brought in such county, where a contract of sale provided that goods should be delivered f. o. b. in the county of the buyer's residence, and were to be paid for by draft drawn against the buyer through a bank in that county, and that payment should be made in the county of the seller's residence, suit for the breach of the contract was properly brought in the seller's county.

2. Venue ⚖➡7—In suit on written contract must be determined from provisions of contract as written.

Under Rev. St. art. 1830, subd. 5, providing that, when a person has contracted in writing to perform an obligation in any particular county, suit may be brought in such county or where the defendant has his domicile, venue must be determined from the provisions of the contract as written; and, if facts stipulated in an agreement between the parties to a suit on such a contract vary, modify, or enlarge the provisions of the contract, they would not be permitted to control.

Appeal from Caldwell County Court; M. U. Smith, Judge.

Action by Carroll Brown against E. L. Mendenhall. From judgment for plaintiff, defendant appeals. Affirmed.

E. B. Coopwood, of Lockhart, for appellant.
Tom Gambrell, of Lockhart, for appellee.

SMITH, J. [1] The suit was instituted in the county court of Caldwell county against appellant Mendenhall, a resident of San Patricio county, for damages for breach of the following contract, signed by both parties on August 8, 1921:

"Shipped by S. A. & A. P. on Oct. 1st, 1921, to E. L. Mendenhall, 300 bushels of latest improved Mebane cotton seed, at $2.25 per bushel f. o. b. St. Paul. P. O., St. Paul (San Patricio county, Texas). Shipping station, St. Paul.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Draw through Sinton State Bank, for which I agree to pay Farmers' Cotton Seed Company at Lockhart, Texas, on delivery of seed $———. It is understood that this order is not countermandable except by mutual agreement. All seed subject to inspection."

The statement of facts is in the form of an agreement, embracing a copy of the foregoing contract, and these stipulated facts:

"That on the 8th day of August, 1921, defendant signed a written order to the Farmers' Cotton Seed Company of Lockhart for 300 bushels of the latest improved Mebane cotton seed at $2.25 per bushel f. o. b. St. Paul, San Patricio county, Tex., said order signed at St. Paul, Tex., said seed to be shipped on October 1, 1921, by the San Antonio & Aransas Pass Railway Company to St. Paul with a sight draft for the amount of the price of said seed as fixed in said order, drawn by plaintiff on defendant through the Sinton State Bank with bill of lading for said seed attached, and that when defendant paid said draft at Sinton, the bill of lading was to be delivered to him, together with the seed. Said attached copy of said order is a true and correct copy of the original and is made a part of this statement of fact. * * *"

It appears also from the record that the shipment was never made, for the reason that prior to the shipping date Mendenhall countermanded the order, advising the seller that he would not receive or pay for the seed if shipped. This suit was then brought by the seller in Caldwell county, for damages for breach of the contract. Mendenhall, the buyer, properly pleaded his privilege to be sued in San Patricio county, and when a controverting affidavit was filed, the plea was heard and overruled, and venue was retained in Caldwell county.

Venue was sought to be maintained in Caldwell county upon the exception embraced in subdivision 5, art. 1830, R. S.:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

[2] The facts stipulated in the agreement constitute, simply, an explanation and elaboration of the written contract. If these facts had the effect of varying, modifying, or enlarging the provisions of the contract, they would not be permitted to control, because the venue must be determined from the provisions of the contract as written, by virtue of which, alone, could the defendant be sued in the county other than that of his residence. Russell v. Green (Tex. Civ. App.) 214 S. W. 448.

It will be seen that the contract provided,

simply, that Brown, the seller (shown by the record to have transacted this business under the trade-name of Farmers' Cotton Seed Company at Lockhart), shall deliver 300 bushels of seed to Mendenhall, free on board the cars at destination, which was St. Paul, San Patricio county, subject to inspection by Mendenhall at destination; and the latter agreed to pay $2.25 a bushel for the seed, by draft to be drawn against him through a bank at Sinton, also in San Patricio county. If the contract had stopped with these provisions, undoubtedly the venue would have laid in San Patricio county, where Mendenhall resided, since under the terms set out the latter was required to perform no part of the contract in any county other than San Patricio. The only obligation therein imposed upon him was the obligation to pay the stipulated price for the seed, by draft drawn against him through the Sinton Bank.

The contract, however, did not stop with the foregoing stipulations, but went further, and expressly provided that Mendenhall shall pay the seller "at Lockhart (Caldwell county), Tex., on delivery of seed." This provision is not in conflict with, but is broader than and controls, the provision that payment will be made through the medium of a draft drawn upon Mendenhall through the Sinton Bank, which, as a matter of fact, was never done, nor has any payment been made. The latter stipulation served merely to nominate the bank as the agency for the collection of the money and did not affect or impair the plain provision that payment of the seed should be made by Mendenhall to Brown in Caldwell county. Wolf v. Pittman (Tex. Civ. App.) 247 S. W. 322; Pittman v. Bag Co. (Tex. Civ. App.) 247 S. W. 324. It was said by Chief Justice Pleasants in the case last cited, quite similar in its facts to this case:

"The evidence shows that the letters 'S/D/B/L' were intended and understood by the parties to mean that appellee, when the goods were shipped, would draw a draft on appellant with bill of lading attached. This provision, in our opinion, was not intended and does not contradict or change the express provision that all amounts due under the contract were payable in Harris county. It was merely inserted for the purpose of providing a safe and convenient method by which the purchase money of the goods might be remitted to, and received by, the appellee in Harris county, and if appellant breached its contract its right to avail itself of this method of paying for the goods in event it had received them under the contract no longer existed, and its express agreement that all amounts due appellee under the contract were payable in Harris county binds it to answer appellee's suit in that county."

The judgment is affirmed.