**ESSELMAN et al. v. AMERICAN EXCHANGE NAT. BANK OF DALLAS.**
**(No. 9929.)**

Court of Civil Appeals of Texas. Dallas.
March 26, 1927.

Rehearing Denied April 23, 1927.

1. Pleading ⊗⚯111—Plea controverting plea of privilege to be sued on trade acceptances in county of defendants' residence held to controvert issue as to place of payment.

In action on trade acceptances, plaintiff's plea *held* to controvert issue in defendants' plea of privilege to be sued in county of their residence that acceptances were payable in county of defendants' residence, regardless of printed provision in acceptances fixing payment at another place.

2. Venue ⊗⚯7—As regards venue, written provision in trade acceptances requiring payment in county of defendants' residence controlled.

In action on trade acceptances, on defendants' plea of privilege to be sued in county of their residence, written provision in acceptances requiring payment in such county controlled printed provision therein requiring payment at another place.

3. Contracts ⊗⚯163—Where written provision conflicts with printed provision in written instrument, writing controls.

In case of conflict between written provision and printed provision in written instrument, writing controls.

Appeal from Dallas County Court; W. M. Cramer, Judge.

Action by the American Exchange National Bank of Dallas against Bill Esselman and another, a partnership doing business as Esselman & Wilson, on trade acceptances. From

a judgment overruling defendants' pleas of privilege to be sued in the county of their residence, they appeal. Reversed, and judgment rendered for defendants with directions.

Whipple & Wray, of Waxahachie, for appellants.

R. G. Payne and Robertson, Robertson & Gannon, all of Dallas, for appellee.

VAUGHN, J. [1] This is an appeal from judgment overruling appellants' pleas of privilege to be sued in Ellis, the county of their residence. Appellee, the American Exchange National Bank of Dallas, a corporation; instituted suit against appellants Bill Esselman and J. B. Wilson in the court below upon three certain trade acceptances executed by Esselman & Wilson, a copartnership, by J. B. Wilson, one of the members thereof. Appellee alleged that appellants composed a partnership doing business under the name of Esselman & Wilson, and are residents of Waxahachie, Ellis county, Tex.; that on the 18th day of June, 1924, appellants executed and for value delivered to W. E. Williams, doing business as Cascade Products Company, three certain trade acceptances numbered 1, 2, and 3, respectively, the first two each in the principal sum of $173 and the third for $175.50, all dated at Waxahachie, Tex., June 18, 1924, and drawn by Cascade Products Company by W. E. Williams, on appellants, and accepted by them, payable as follows: No. 1, August 20, 1924; No. 2, September 20, 1924; and No. 3, October 20, 1924, to the order of Cascade Products Company at Dallas, Tex.; that said acceptances were accepted by appellants at Waxahachie, Tex., on or about June 18, 1924, and recited that they were payable through Guaranty State & Trust Company; that said acceptances were indorsed, sold, and delivered by Cascade Products Company to Howard P. May & Company, and by Howard P. May & Company, before maturity, as collateral security, duly indorsed and delivered, to appellee, whereby it became the holder of said acceptances in due course.

Appellants, each for himself, for the other, and for said partnership, filed proper pleas of privilege to be sued in Ellis county, the county of their residence, containing all the allegations necessary to show that they were prior to and at the time of the institution of the suit, and at the time of the filing of said pleas, residents of Ellis county, Tex., and did not at any of said dates reside in Dallas county, Tex., and alleged that no exception to exclusive venue in the county of one's residence provided by law existed in said cause. In said pleas it was further alleged, in connection with the acceptances sued upon, that appellee in its original petition alleged that same were accepted at Waxahachie, Tex., payable through Guaranty State Bank & Trust Company, and also as to place of payment alleged that same were payable to the order of Cascade Products Company at Dallas, Tex. Appellants further alleged that said acceptances contained an ambiguity in respect to place of payment, in that by the printed part they are payable at Dallas, Tex., and by the date line and the place of acceptance and the agreement by the acceptors they are payable at Waxahachie, Tex., written in said acceptances, while Dallas, Tex., is printed in the form, and that the parts written conflicting with those printed, the written parts control, and the place of acceptance for payment in Waxahachie, Ellis county, Tex., through Guaranty State Bank & Trust Company, made said acceptances payable in Ellis county, Tex. Appellee duly filed its controverting plea, under oath, to which appellants excepted on the ground that it did not controvert the issue raised with reference to the written provision of the acceptances relating to the payment of same at Waxahachie, Tex., through Guaranty State Bank & Trust Company controlling the printed provision fixing the payment at Dallas, Tex., and thereby made same payable at Waxahachie, Tex. We cannot sustain this contention, for it is apparent that said issue was of a necessity controverted by the following allegations of said controverting plea:

"That the cause of action herein sued upon is predicated and based upon and exists upon three certain trade acceptances alleged in plaintiff's petition to have been made, executed and for value delivered to Cascade Products Company by defendants Bill Esselman and J. B. Wilson, said acceptances being dated June 18, 1924, and being payable to the order of Cascade Products Company, Dallas, Tex. * * * That the venue of this suit is expressly authorized under the provisions of subdivision No. 5 of article 1995, of Revised Civil Statutes of Texas of 1925, providing that if a person has contracted in writing to perform an obligation in any particular county, suit may be brought either in such county or where the defendant has its domicile."

Following are the material facts established by the evidence introduced on said hearing: That said three acceptances were executed on the date, for the respective sums, drawn by Cascade Products Company on, and accepted by, appellants, and payable respectively August 20, September 20, and October 20, 1924, as alleged in appellee's petition; that each acceptance contained the following printed provision: "After date pay to the order of ourselves at Dallas, Texas," and the words "payable through" in print, followed by and on the same line, in writing, "Guaranty State & Trust Company, Waxahachie." That the obligation of the acceptors of said trade certificates arose out of the purchase of goods by appellants from the drawer. That the maturity of said trade acceptances was in conformity with the original terms of purchase.

[2] The acceptances before us represented a completed transaction between the parties in so far as the purchase of the goods for which same were executed, the terms and provisions of said instruments as to the sum of money to be paid, the date and place of payment. They did not grow out of contractual relations between the parties thereto, executory by its terms, whereby, as a part of the contract to be performed, said acceptances were to be drawn payable at another place for the purpose of making collection of money contracted to be paid at a place designated in an executory contract. Such a provision would not be fixing a place of payment in conflict with that stated in an executory contract as the place of its performance, but would only serve to confer the right to draw such acceptances for payment at a place other than that designated as the place of performance in such contract, whereby same would be permitted to be discharged for the convenience of the maker, and would not be the designation of a place of payment of the consideration contracted to be paid at some other place by the terms of such contract.

[3] The involved acceptances were executed instruments and the respective provisions of each relating to the payment of money was not a contract or agreement authorizing the drawing of said instruments, but related to the place of payment of the money thereby contracted to be paid and was not the authorization of the drawing of such instruments to make collection of money otherwise contracted to be paid. The holdings in Wolf et al. v. Pittman & Harrison Co. (Tex. Civ. App.) 247 S. W. 322, Pittman & Harrison Co. v. Houston Bag & Bagging Co. (Tex. Civ. App.) 247 S. W. 324, and Mendenhall v. Brown (Tex. Civ. App.) 252 S. W. 241, cited by appellee as authority for the ruling of the trial court on appellants' pleas of privilege, were each based upon an executory contract as to the drawing of the draft. The contracts in each of said causes by express terms designated the place of performance, and in addition thereto provided for a draft to be drawn by the seller on the purchaser at a place other than that designated as the place of performance. This was but the means provided for the making of collection for the convenience of the purchaser in complying with the terms of the contract, which authorized the drawing of such draft, but did not require that same should be drawn by the seller and fixed absolutely the place where payment should be made in order to comply with the terms of the contract authorizing seller to make draft on the purchaser. Therefore, those provisions were not in conflict, for the right to draw the draft left the place of payment as designated in the contract the place of performance, as the drawing of the draft was not in itself a performance as that act left the payment of the money contracted to be paid to be made at the place designated, although the seller was at liberty to make draft as the method of making collection. On the other hand, the acceptances in the instant case were drawn for the purpose, and as shown by the record, the only contract between the parties for the payment of the money represented thereby, being both the evidence of the debt existing between the parties and providing for the place of payment within its own terms. Because of this vital distinction, we are of the opinion that the rule of law announced in the above-cited cases cannot be applied to this case, for to rule the same in accordance therewith would be to disregard the effect that should be given executed instruments complete within their own terms and not incident to or based upon any other contract between the parties; when as presented the legal effect of said acceptances should be tested by their own terms. We therefore hold that there is an irreconcilable conflict between the provisions of such acceptances relating to the place of performance—the payment of the sums of money therein respectively specified, viz., "after date pay to the order of ourselves at Dallas, Tex.," in print and "payable through" printed, followed by (in writing), "Guaranty State & Trust Company, Waxahachie," as said written provision did not relate to the drawing of said acceptances but to the place of payment of the sum of money to be made by said instruments respectively, and that by said written provision of said instruments Waxahachie, Ellis county, was designated as the place of payment. This because under the well-established rule of law that where a written provision is in conflict with a printed provision in a written instrument, the writing shall control.

Because of the failure of the trial court to properly apply to the facts of this case the above rule of law, its judgment is reversed and here rendered in favor of appellants, sustaining their plea of privilege, and said cause ordered transferred from the court below to the county court of Ellis county, Tex.

Reversed and rendered.